United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELO Y. SCRIGNA,<br><br>        Plaintiff,<br><br>     v.<br><br>MITT ROMNEY, *et al.*,<br><br>        Defendants.<br>_____/ | No. C-12-5704 EMC<br><br>**ORDER DENYING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*; AND DEFERRING RULING ON PLAINTIFF'S MOTION FOR INJUNCTION**<br><br>**(Docket Nos. 2-3)** |

        Plaintiff Angelo Y. Scrigna has filed suit against Defendants Mitt Romney, al-Qaeda, and Reed Smith LLP. Currently pending before the Court are Mr. Scrigna's application to proceed *in forma pauperis* and his motion for an injunction.

        The Court addresses first the application to proceed *in forma pauperis*. When presented with such an application, a court must first determine if the applicant satisfies the economic eligibility requirement of 28 U.S.C. § 1915(a). *See Franklin v. Murphy*, 745 F.2d 1221, 1226 n.5 (9th Cir. 1984). Section 1915(a) does not require an applicant to demonstrate absolute destitution. *See McCone v. Holiday Inn Convention Ctr.*, 797 F.2d 853, 854 (10th Cir. 1982) (citing *Adkins v. E.I. Du Pont de Nemours & Co., Inc.*, 335 U.S. 331, 339(1948)). Nevertheless, having reviewed Mr. Scrigna's financial affidavit, the Court concludes that he has not satisfied the economic eligibility requirement. Although Mr. Scrigna states in his affidavit that he is not presently employed, has monthly expenses of approximately $1,800, and has a credit card debt of $8,000, he also identifies

significant assets, in particular, a $60,000 home for which he has no mortgage and $6,000 in cash. The Court therefore denies Mr. Scrigna's application.

In order for Mr. Scrigna to proceed with this lawsuit, he must pay the filing fee of $350. The Court, however, shall temporarily defer payment of the fee in order to give Mr. Scrigna an opportunity to decide whether he intends to pursue this lawsuit. Much of the relief he has sought has effectively been rendered moot now that President Obama has been re-elected. To the extent Mr. Scrigna still seeks monetary damages, the Court has serious doubts about the viability of his claims. For example, it is not clear how Mr. Scrigna has suffered any monetary damages. Furthermore, Mr. Scrigna's claim that the Reed Smith law firm has represented Mitt Romney is not supported by the document he has submitted (*i.e.*, the bloomberg.com articles). Finally, simply because attorneys at Reed Smith may have represented detainees at Guantanamo Bay is far from proof that the firm has represented al-Qaeda.

If Mr. Scrigna chooses to pursue this litigation and pay the filing fee, then the Court intends to issue an order to show cause, instructing Mr. Scrigna to explain why his case should not be dismissed (with prejudice) based on the problems identified above. *See Franklin*, 745 F.2d at 1226 (noting that, "[w]here the plaintiff has paid the filing fees, the court may not dismiss [the] action before process is issued and served, and without giving [the] plaintiff notice that the court intends to dismiss, an opportunity to oppose it, and a statement of the grounds for dismissal, and an opportunity to amend"). However, if Mr. Scrigna decides not to pursue this litigation, then the Court shall not require him to pay the filing fee.

Accordingly, the Court hereby orders that Mr. Scrigna has until **December 3, 2012**, to pay the filing fee of $350 in order to continue this lawsuit. If Mr. Scrigna does not pay the fee, then this case shall *automatically* be dismissed (without prejudice). If Mr. Scrigna does pay the fee, then this case shall proceed and Mr. Scrigna will have the responsibility of serving the complaint and any amendments, scheduling orders, and attachments pursuant to Federal Rule of Civil Procedure 4 on all Defendants. Mr. Scrigna will also have a continuing obligation to keep the Court informed of his current address. Failure to do so may result in dismissal of this action. Finally, Mr. Scrigna can

expect this Court will issue an order to show cause as to why his case should not be dismissed (with prejudice) based on the problems identified by the Court above.

IT IS SO ORDERED.

Dated: November 15, 2012

_____
EDWARD M. CHEN
United States District Judge

3